UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEBBIE HOCKING, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-401 RM |
| ) | |
| ST. JOSEPH PROBATE COURT, ) | |
| ) | |
| Defendant ) | |

OPINION and ORDER

This cause is before the court on the motion of St. Joseph Probate Court to dismiss Debbie Hocking's claims as barred by the applicable statute of limitations. For the following reasons, the court concludes that the motion should be denied.

When a complaint is challenged under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations are taken as true and viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lekas v. Briley, 405 F.3d 602, 603 (7th Cir. 2005). A defendant is entitled to dismissal under Rule 12(b)(6) only when no set of facts consistent with the allegations in the complaint would entitle the plaintiff to the relief sought. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 390 F.3d 1032, 1034 (7th Cir. 2004). However, "if a plaintiff pleads facts that show its suit

[is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." Whirlpool Fin. Corp. v. GN Holdings, Inc., 67 F.3d 605, 608 (7th Cir. 1995).

Ms. Hocking is employed by the Probate Court as a detention officer at the Thomas N. Frederick Juvenile Justice Center. She alleges in her complaint that in December 2005, she was harassed and then demoted from the day shift to evening shift in retaliation for having previously complained about employment discrimination at the JJC. Based on her demotion, Ms. Hocking filed a complaint with the EEOC on December 30, 2005. She received a right-to-sue letter dated March 30, 2006 and filed suit in this court on June 27.

The Probate Court maintains Ms. Hocking's complaint is untimely because in a deferral state such as Indiana, "the charge must be filed within 300 days of the occurrence of the acts that are the basis of the complaint," citing Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 445 (7th Cir. 1994). The Probate Court asserts that the acts forming the basis of Ms. Hocking's complaint occurred in August and October of 2003 and July 2004 when she filed charges with the EEOC and a lawsuit in this court. The Probate Court concludes that Ms. Hocking's filing of a complaint with the EEOC on December 30, 2005 was untimely because it was filed more than 300 days after the actions complained of.

Ms. Hocking's complaint purports to be based on her demotion in December 2005. The complaint's reference to her earlier complaints of discrimination simply provides the necessary factual background for Ms. Hocking's belief that the demotion was retaliatory. Ms. Hocking explains that she filed discrimination complaints with the EEOC in August 2003 and October 2003 and filed a lawsuit in this court on July 26, 2004. She says the lawsuit was settled and dismissed with prejudice later that year when she was granted a promotion to the day shift. Ms. Hocking now alleges she was demoted to the evening shift in December 2005 based on her previous complaints of discrimination at the JJC.

Title VII prohibits discrimination against an employee "because [s]he has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). "Among other things, Title VII prohibits employers from retaliating against employees who 'oppose' sexual harassment." Worth v. Tyer, 276 F.3d 249, 265 (7th Cir. 2001). A retaliatory demotion is a discrete violation. "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Amtrak Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Each discrete discriminatory act "starts a new clock for filing charges alleging that act." Id. at 113. Ms. Hocking alleges she was demoted in December 2005; she filed a complaint with the EEOC that same month, and she filed this action within ninety days of

3

receiving her right-to-sue letter from the EEOC. Her action is not time-barred, and the motion to dismiss [docket # 7] is DENIED.

SO ORDERED.

ENTERED:   September 12, 2006   


　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.         
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court